UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STEPHEN JOHN IRVING, | : |
| Plaintiff, | : |
| | : CASE NO. 1:03-CV-1391 |
| v. | : |
| | : JUDGE RON CLARK |
| FREIGHTLINER, LLC., | : |
| Defendant. | : |

**ORDER AND MEMORANDUM ON POST-TRIAL MOTIONS**

Before the court are Plaintiff's Motion for New Trial [Doc. # 203], Plaintiff's Motion to Set Aside Verdict [Doc. # 204], and Plaintiff's Motion to Alter Judgment [Doc. # 205]. The trial was held before this court from March 14, 2005 thru March 21, 2005. The court having considered the motions, the responses, the pleadings and papers on file, and the evidence submitted during the trial of the case, finds no basis to support Plaintiff's motions. Accordingly, Plaintiff's Motion for New Trial **[Doc. # 203]**, Plaintiff's Motion to Set Aside Verdict **[Doc. # 204]**, and Plaintiff's Motion to Alter Judgment **[Doc. # 205]** are **DENIED**.

**STANDARD OF REVIEW**

A party moving for judgment as a matter of law has a heavy burden to meet. "A motion for judgment as a matter of law should be granted if 'there is no legally sufficient evidentiary basis for a reasonable jury to find for a party.'" Fed. R. Civ. P. 50(a); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 486 (5th Cir. 2004). "[I]f reasonable persons could differ in their interpretations of the evidence, then the motion should be denied. A post-judgment motion for judgment as a matter of law should only be granted when the facts and inferences point so

strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Pineda*, 360 F.3d at 486 (internal quotations and citations omitted). A jury's verdict is given great weight and all reasonable inferences are drawn in the light most favorable to the verdict. *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000).

There are no precise grounds for granting a new trial, except "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Courts have granted new trials where the verdict is against the great weight of the evidence, the damages are excessive, the trial was unfair, or prejudicial error was committed. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

## DISCUSSION

Plaintiff moves for new trial, to set aside the jury's verdict, and to alter or amend the Court's judgment on five different grounds. First, Plaintiff argues that the conduct of juror Mark Frasher during voir dire was improper and subverted his right to a jury trial. Second, Plaintiff argues there was insufficient evidence to support the jury's finding of his negligence or the negligence of his employer U.S. Express. Third, Plaintiff argues that the court's failure to give an alternative "missing-witness" instruction was an error. Fourth, there are three different evidentiary ruling that Plaintiff argues were harmful and prejudicial error. Finally, Plaintiff argues that error occurred during Defendant's closing argument.

### Juror Misconduct

Plaintiff Irving contends that a juror, Tim Frasher, failed to disclose, in answer to a question by the court, that his brother was a local attorney who engaged in defense of civil cases. To obtain a new trial because of a failure of a juror to disclose information, a party must show:

    a. That a juror failed to answer honestly a material question on *voir dire*; and

  b. That a correct response would have provided a valid basis for a challenge for cause.

*McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 104 S.Ct. 845, 850 (1984).

  As to the first prong of the test, the court asked the panel: "is there anybody here who either themselves or a close family member - - a spouse, child, parent - - who works now or has worked for a law firm or for an insurance company as a claims investigator or some other kind of investigator for law firms or anything else investigating cases; or done work as a paralegal for example; or as a court reporter?"  While several jurors responded, Mr. Frasher did not.

  This question by the court could have been more artfully phrased, and could also have more broadly defined "close family member" to include more than "a spouse, child, parent." While the question, as stated, could be interpreted by some to include siblings, others may have followed the definition given by the court.  This is especially true since the court had earlier asked: "Now, is there anybody here or a close family member **such as a spouse or a child or a parent**, been involved in an on-the-job injury or accident." (emphasis added).  Counsel for both sides had an opportunity to ask additional questions, and neither attempted to expand on the court's description of "close family member."  Accordingly, it can not be said that Mr. Frasher failed to answer a question honestly.  *See Montoya v. Scott*, 65 F.3d 405, 419, n. 28 (5th Cir. 1995).

  As to the second prong of the test, a plaintiff's counsel obviously might want to consider using a peremptory challenge on a prospective juror whose sibling was a defense attorney, and the court accepts the affidavit of Mr. Ferguson that he would have exercised such a challenge. However, *Greenwood* requires a showing that a correct response would have provided a valid basis for a challenge for cause.  The mere fact that a person's sibling is a defense attorney is not the basis of a challenge for cause.  A new trial on this basis must be denied.

**Insufficient Evidence**

Plaintiff next argues for a new trial, to set aside the verdict, and/or to alter the verdict on the basis that there was insufficient evidence to support the jury's verdict regarding Plaintiff's negligence, U.S. Xpress' negligence, and their respective percentages of liability.  The jury returned a verdict finding that Plaintiff and U.S. Xpress were seventy percent (70%) and ten percent (10%), respectively, responsible for Plaintiff's injuries.  *See* Jury Verdict, Responses to Questions 2, 3B, and 3C.  Plaintiff argues these jury finding are erroneous.  "A motion for new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838-39 (5th Cir. 2004).  The court must not substitute its opinion for the collective wisdom of the jury.  *Smith*, 773 F.2d at 613.

In this case, there was ample evidence to support the jury's finding that both Plaintiff and his employer were negligent when dealing with the vehicle in question.  Defendant offered Plaintiff's testimony that he did not know what hood retention straps were, to impeach Plaintiff's testimony regarding his inspection of the vehicle.  Defendant also offered testimony from its safety expert that a reasonably safe truck driver would be aware of the hood retention straps on this particular vehicle. Defendant's safety expert opined that a reasonable truck driver would not commence inspection of a vehicle with a spatula in his hand while opening the vehicle's heavy hood. Defendant also drew out testimony from Plaintiff's witness, Mr. Percy Williams, that a reasonably safe truck driver would know if one strap of a two strap hood retention system were loose. Finally, Defendant's design expert testified that the only way the hood would have fallen was if both straps were undone and if circumstances existed as Plaintiff states they did, *i.e.* that both straps were working and functional three days prior to the accident, the only way the

accident would occur is if someone took the straps off - presumably, the Plaintiff. All this evidence supports the jury's finding that Plaintiff was negligent and the evidence further supports the jury's finding regarding his degree of liability for his own injuries.

Next, the court turns to the evidence offered to support the jury's finding that U.S. Xpress was negligent in its upkeep of the vehicle. The evidence supporting the jury's finding is significantly less than the evidence offered to show Plaintiff's negligence - only Defendant's safety expert testified that U.S. Xpress was negligent in its maintenance and upkeep with the vehicle. However, the difference of negligence evidence offered is reflected in the jury's findings - U.S. Xpress was found only ten percent responsible for the injuries Plaintiff sustained.

Given the nature of the evidence presented at trial, this court cannot find, as a matter of law, that the jury's findings against Plaintiff and U.S. Xpress was against the great weight of the evidence. Therefore, Plaintiff's motions on this ground are denied.

## Missing Witness Instruction & Argument

Plaintiff complains that the court failed to involve the "missing-witness" instruction his counsel requested, and to allow him to argue on this ground. Plaintiff fails to show that there were any jury instructions provided that would provide a basis for a new trial, to set aside the verdict, or alter the judgment.

A jury verdict will be upheld if there is no showing that the requested instruction would have affected the outcome of the case. *Newberry v. East Texas State University*, 161 F.3d 276, 280 (5th Cir. 1998). Further, "[a] judgment will be reversed based on a faulty jury charge **only where 'the charge as a whole leaves us with substantial and ineradicable doubt the jury has been properly guided in its deliberations**.'" *Id.*, *citing*, *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 214 (5th Cir. 1991)(emphasis added).

Plaintiff complains of the court's instructions to limit his counsel's closing argument regarding Mr. Tom Leslie's absence during the trial. Specifically, Plaintiff states that the court's instruction regarding subpoena availability of Mr. Leslie was in error and contrary to Fed. R. Civ. P. 45 (b)(2). While this it is true that all witnesses cannot be subpoenaed to trial, it is undeniable that Mr. Leslie could have easily been noticed by Plaintiff for a videotaped deposition if Plaintiff thought his testimony was needed. *See* Fed. R. Civ. P. 30. In the almost unimaginable event that Defendant, a corporation, refused to produce one of its employees pursuant to a notice, a subpoena for deposition could have been issued by the District Court in the District in which Mr. Leslie resides. *See* Fed. R. Civ. P. 45(a)(2). This is 2005, and video depositions are frequently used, as they were for other witnesses in this trial.

In any case involving machinery manufactured by a corporation, there will be dozens, or perhaps hundreds, of employees who may have been involved in the design and production of the allegedly defective product. The Defendant is not expected, indeed in this court would not be allowed, to call all or most of these employees as witnesses. Under Plaintiff's argument he would then always be allowed an adverse inference on Defendant's "failure" to call a witness. There was no showing Mr. Leslie was concealed by Defendant or sent out of the country to avoid testifying. Plaintiff knew about Leslie well before trial, and he could have had Leslie's testimony upon a simple request.

It is potentially misleading for Plaintiff to attempt to imply that Mr. Leslie (and presumably all of the hundreds of other Freightliner employees who were not called) must have knowledge of facts adverse to Defendant. Additionally, Plaintiff does not show how not being permitted to indulge in misleading the jury about a tangential issue affected the case. The jury found that the vehicle in question was defectively designed. Dwelling on the absence of Leslie's testimony would have only bolstered the claim that the vehicle was defectively designed.

In addition, Plaintiff fails to show that the jury instructions, as a whole, leaves "substantial and ineradicable doubt" that the jury was improperly guided in its deliberations. In fact, the jury returned a verdict that was favorable to Plaintiff's claim that the vehicle in question was defectively designed. The missing witness instruction that the court did provide in its final instructions to the jury, while not the exact wording requested by Plaintiff's counsel, did not create any doubt, much less substantial and ineradicable doubt, that the jury understood the evidence and instructions regarding design defect.

**Evidentiary Rulings**

Plaintiff next argues that the court made several evidentiary rulings in error. Specifically, Plaintiff argues that the court was wrong to exclude certain testimony by Mr. Percy Williams, certain testimony by Mr. Mark Irving, and certain testimony by Mr. Gerald Rosenbluth.

Plaintiff must establish first that a ruling was an erroneous one, and second that the ruling affected a substantial right of the complaining party. *See* Fed. R. Evid. 103(a); *Polythane Systems v. Marina Ventures Intern.*, 993 F.2d 1201, 1208 (5th Cir. 1993). Here, Plaintiff has not made a showing of either prong of the analysis.

The court explained its rulings on the record. In general, the testimony of the witnesses was limited because of a failure to disclose information in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas. The court permitted the testimony of Mr. Percy Williams since Plaintiff argued that difficulties in the discovery process, outside his control, had led to the delay of locating Mr. Percy Williams. However, the court did limit Mr. Percy Williams' testimony to that of a fact witness, as opposed to the testimony of an expert, in order to achieve a balance between Plaintiff's request to have Mr. Percy Williams' testimony to support his case and Defendant's claim of surprise by a new expert witness, added to Plaintiff's witness list on the eve of trial without prior disclosure requirements being fulfilled.

Plaintiff next complains of the court's ruling that Mr. Mark Irving's testimony regarding one of the U.S. Xpress employees inspecting the truck and taking with them a bolt on the ground be struck from the evidence in the case. This testimony had not been documented in previous disclosures that Plaintiff had provided to Defendant. Further, Mr. Mark Irving testified that he had made the disclosure to Plaintiff's counsel before the trial began. If Mr. Mark Irving's testimony were true, Plaintiff's counsel was duty bound to disclose that testimony to opposing counsel for two reasons. First, it showed that an unidentified U.S. Xpress employee had material knowledge regarding the lawsuit and that information had not been part of Plaintiff's initial disclosures or supplemental disclosures. Second, if the testimony were true, there was now material physical evidence that had yet to be provided to opposing counsel or produced as part of Plaintiff's case in chief. A continuance to prevent any unfair prejudice to Defendant arising from the unidentified U.S. Xpress employee witness or the missing physical evidence would have been costly and a waste of judicial resources. For the reasons stated, the court limited the uncorroborated surprise testimony.

Finally, Plaintiff argues that the court's rulings involving Plaintiff's expert Mr. Gerald Rosenbluth were in error. Plaintiff complains that Mr. Gerald Rosenbluth should have been allowed to testify that Plaintiff would not have been able to see a bolt "coming loose" given the structure of the hood retention system. However, such an opinion was not previously disclosed, nor included in Mr. Gerald Rosenbluth's timely produced expert report. The court found that allowing such expert opinion testimony, which had not been timely disclosed, would be unfairly prejudicial to Defendant and should be not be allowed during the course of trial.

Plaintiff fails to show that the rulings he complained of affected his substantial rights during the course of the trial. Plaintiff offered the testimony of Mr. Percy Williams, Mr. Mark Irving, and Mr. Gerald Rosenbluth to prove up his claim that the vehicle in question was defectively designed. But, the jury found that Defendant's vehicle was defectively designed and that the defective design was twenty percent (20%) responsible for Plaintiff's injuries. *See* Jury Verdict, Response to Questions 1 and 3A. Therefore, the rulings did not affect Plaintiff's substantial rights during the trial and do not serve as a basis for a new trial, to set aside the verdict, or to alter the judgment.

**Improper Final Argument**

Plaintiff's final ground for his motions is that Defendant's final argument was improper in that Defendant's counsel impugned the integrity of his counsel and Defense counsel argued facts that were not in evidence. While Plaintiff does not provide the court with a transcript of the closing argument in question, he does provide the court with the phrases he finds objectionable including that Plaintiff's counsel was "confusing the issues" and "clouding the issues."

Where the case is hotly disputed, as most trial cases are, and where both parties are represented by talented counsel, the two phrases Plaintiff now complains of hardly creates the atmosphere necessary to show the justice system's badge of fairness was tarnished. Plaintiff's counsel took time during rebuttal argument to quell any prejudice that may have arisen from Defense counsel's characterization of the case and put forth his own characterizations. Further, Defense counsel's assertions were not so prejudicial as to effectively deny Plaintiff a fair trial where the court repeatedly instructed the jury that opening and closing statements made by the attorneys were not evidence. *See Wilson v. Johnson-Manville Sales Corp.*, 810 F.2d 1358, 1362 (5th Cir. 1987). The jury obviously took this instruction to heart, making findings that were in opposition to both parties' representations of the case.

Plaintiff next argues that Defense counsel's argument was improper since it included facts not in evidence, specifically, that Plaintiff had taken a wrench to the hood retention straps. Evidence presented at trial included Plaintiff's testimony that both hood retention straps were securely fastened three days before the accident occurred. Defendant's design expert testified that one way the straps would come undone would be if someone took a wrench to them. Neither party offered any evidence that the vehicle was out of Plaintiff's control during the three days prior to the accident, nor was there any evidence that a third party may have tampered with the vehicle or the hood retention straps. Therefore, Defense counsel's argument that Plaintiff may have been the one with the wrench was a possible inference allowed under the traditional leniency afforded all counsel during argument and can not now constitute plain error. *See Commercial Credit Equipment Corp. v. L & A Contracting Co.*, 549 F.2d 979, 981 (5th Cir. 1977).

## CONCLUSION

**THEREFORE IT IS ORDERED** that Plaintiff's Motions for New Trial, to Set Aside the Verdict, and to Alter Judgment, Documents **# 203**, **# 204**, and **# 205**, respectively are all **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **June, 2005.**

_____
Ron Clark, United States District Judge